UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PIARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 24-40103-MRG |
| ) | |
| OFFICER CITRO, et al. ) | |
| ) | |
| Defendant. ) | |

**ORDER**
December 19, 2024

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution in Gardner, Massachusetts, brings this action under 42 U.S.C. § 1983, alleging that two correctional officers, Officer Citro and Lieutenant Leblanc, wrongfully deprived him of a meal after he arrived late to the prison dining area.

On November 15, 2024, the Court entered an order granting Piard's motion for leave to proceed *in forma pauperis* and directing him to file an amended complaint. The Court found that the complaint failed to state a claim upon which relief can be granted because the deprivation of one meal does not constitute cruel and unusual punishment. In addition, the Court stated that, even if it were to consider Piard's claim in his underlying grievance that the defendants had discriminated against him on the basis of race, the complaint failed to state a claim for relief. The Court found that the conclusory allegation of discrimination did not allow the Court to draw a reasonable inference that the defendants deprived Piard's right under the Fourteenth Amendment to Equal Protection. (Docket No. 9).

On December 3, 2024, Piard filed an amended complaint (Docket No. 12) in which he alleges:

> A) The actions of defendants Citro and Leblanc in denying to feed Plaintiff while other inmates of different race were entering the chow hall as well to get food, violated the plaintiff's Equal Protection Clause of the 14th Amendment which embodies equality guarantee applied to members of all <u>races</u>, ensuring all citizens equal treatment under law.
>
> B) The actions of Citro and Leblanc in intentionally denying to fee plaintiff for 14-hours (5:00pm-7:00am) violates the 8th Amendment to the United States Constitution by subjecting plaintiff to cruel and unusual punishment in which he suffered emotional injury and chronic stomach pain.

Amend. Compl. at 1 (cleaned up). Piard seeks $3 million in compensatory damages "for the punishment and injuries resulting in intentionally denying to feed [him] for 14 hours." *Id.*

The amended complaint does not cure the defects of the original complaint. Piard's allegation of race discrimination in the deprivation of a single meal is "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010); *see also Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (stating that "[t]elling admittedly noisy inmates to 'shut up' on one occasion [does] not violate the Fourteenth Amendment, even if equally noisy inmates of another race were not equally chastised"). In addition, as the Court already explained, deprivation of a single meal (even if it is dinner) does not constitute cruel and unusual punishment.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), this action is DISMISSED for failure to state a claim upon which relief may be granted.

**So Ordered.**

                                                   /s/ Margaret R. Guzman
                                                  MARGARET R. GUZMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 19, 2024